**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David L. LEBER, d/b/a Arctic Contractors, Inc., Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 2002.
Filed June 25, 2002.

Glenn C. Vaughn, York, for appellant.

Before JOYCE, BECK and POPOVICH, JJ.

BECK, J.

¶ 1 In this appeal from his judgment of sentence for Tampering with Public Rec-

ords[1] and Forgery[2], appellant maintains that the trial judge should have dismissed the charges prior to trial. He also claims the court erred in its instructions to the jury and in ordering that restitution be made by a date certain. We affirm.

¶ 2 The Pennsylvania Department of Environmental Protection (the DEP or the Department) regularly contracts out to private individuals the task of inspecting underground storage tanks for the purpose of closing them. These tank handlers/inspectors are required to determine if the tanks can be closed or if they should be removed. As part of their responsibilities, inspectors are required to inform the Department whether and to what extent the tank caused damage to surrounding soil.

¶ 3 The reports generated by inspectors, known as closure reports, are relied upon by DEP and become permanent records of the environmental condition at the tank site. In addition, private individuals and corporations may access the records to obtain environmental information about a particular site.

¶ 4 Appellant David Leber was certified as a tank inspector between December of 1992 and February of 1996. During that period, he submitted various closure reports to DEP. The Commonwealth brought charges against him for "falsif[ying] analytical results and related information contained within the ... closure reports." Trial Court Opinion, 3/14/01, at 1. It appears from the record that appellant submitted reports purporting to show

no evidence of soil contamination when, in fact, soil samples were not taken or tested as claimed in the reports.

¶ 5 Appellant faced charges of Tampering with Public Records or Information, Forgery and violations of the Storage Tank and Spill Prevention Act (the Act).[3] Prior to trial, he moved the court to dismiss the Tampering and Forgery charges, arguing that the specific offenses set out in the Act precluded the general charges contained in the Crimes Code. The trial court denied appellant's request and, after conviction on the Tampering and Forgery charges, appellant repeats his claim on appeal.[4]

■ ¶ 6 Appellant relies on the long standing policy enunciated by the Pennsylvania Supreme Court in *Commonwealth v. Brown*, 346 Pa. 192, 29 A.2d 793 (1943), which provides:

It is the policy of the law not to permit prosecutions under the general provisions of the penal code when there are applicable special provisions available.

*Id.* at 199, 29 A.2d at 796–97.

■ ¶ 7 This same policy remains in force nearly sixty years later and continues to prevent the Commonwealth from pursuing general criminal charges against an individual whose conduct was intended to be punished by a "specific penal provision" that constitutes the "exclusive legal authority" for prosecution of the acts charged. *Commonwealth v. Lussi*, 562 Pa. 621, 757 A.2d 361, 363 (2000) (relying on

---

1. 18 Pa.C.S.A. § 4911(a).

2. 18 Pa.C.S.A. § 4101(a).

3. The Act sets out a framework for the regulation of storage tanks and tank facilities in order to prevent contamination to land and water. 35 P.S. § 6021.102. It deems unlawful any failure to comply with or violation of its rules and regulations. 35 P.S.

§ 6021.1310. The Act provides for both civil and criminal penalties and punishes as a misdemeanor those acts by persons who "willfully or negligently violate any provision" of the statute. 35 P.S. § 6021.1306(b).

4. At trial, appellant was acquitted of the violations charged under the Act.

*Brown* ). The inquiry in cases such as these focuses on "whether or not the Legislature in proscribing certain conduct has chosen to set forth a particular and specific penal provision which addresses a distinct subset of circumstances within a general category of criminal activity." *Id.* at 627, 757 A.2d at 364. In assessing the Legislature's intention, we are prevented from engaging in speculation:

> It is not to be presumed or inferred that the legislation intended to provide for two different prosecutions for the same identical offense.

*Id.* at 625, 757 A.2d at 363.

¶ 8 We need not speculate as to whether in this case the legislature intended that both general and specific charges may go forward. The explicit language of the Act establishes that it was *not* to be construed as precluding prosecution on general criminal statutes. The relevant provision is unambiguous:

> It is hereby declared to be the purpose of this act to provide *additional and cumulative* remedies to prevent and abate the pollution caused by storage tanks, and *nothing contained in this act shall in any way abridge or alter rights of action or remedies now or hereafter existing* in equity, or *under the common law or statutory law, criminal or civil*
>
> . . . .

35 P.S. § 6021.1312 (emphasis supplied).

¶ 9 While in *Brown* and *Lussi* the courts could not conclude that the "Legislature intended the Commonwealth to proceed under both of two penal provisions," *Lussi, supra,* at 625, 757 A.2d at 363, we instead are compelled to reach such a conclusion based on the plain language of the Act. The trial court properly ruled that the

general criminal charges should not be dismissed.

¶ 10 Appellant next argues that the trial court erred in instructing the jury on the offense of forgery. He insists that the court should have recited his proposed instructions, which focused on his lack of intent to defraud. We review challenges to jury instructions under an abuse of discretion standard and may reverse not where the court fails to use the specific language requested by the accused, but rather only where the applicable law is not adequately, accurately and clearly communicated to the jury. *Commonwealth v. Carson,* 559 Pa. 460, 741 A.2d 686, 704 (1999).

¶ 11 Appellant is correct in stating that intent to defraud is an essential element of forgery. *Commonwealth v. Dietterick,* 429 Pa.Super. 180, 631 A.2d 1347, 1352 (1993). However, the record establishes that the trial court's instruction on this charge was proper. The judge explicitly told the jury that the Commonwealth was required to prove that appellant acted with the intent to defraud and, further, that the Commonwealth's failure to establish each and every element beyond a reasonable doubt must result in a not guilty verdict. The court was not required to recite the specific language requested by appellant; it is enough that the instruction satisfied *Carson* in that it adequately and accurately stated the applicable law. Appellant is not entitled to relief.

¶ 12 Appellant's final claim concerns his sentence, specifically the order of restitution due within sixty days. He argues that the court's schedule of restitution was made without consideration of his ability to pay.[5] The record reflects that the court initially entered an order

---

**5.** This court has held that appellant's claim presents a substantial question, thus triggering our review. *Commonwealth v. Colon,* 708 A.2d 1279, 1281 (Pa.Super.1998).

of restitution in the amount of $13,362.04 on August 8, 2000; the restitution was to cover the cost of conducting "re-tests" on the sites. Six days later, appellant filed post-sentence motions, which included a challenge to the order of restitution, but did not assert inability to pay.[6] On September 26, 2000, the court entered an order directing appellant to pay the restitution amount within sixty days. On October 6, 2000, appellant filed a motion for modification of sentence asserting that he could not make payment within the time ordered by the court. In its opinion, the trial court found this claim waived because appellant had not raised it within ten days of sentencing. However, the record reflects that the court did not order payment within sixty days until well after it imposed the original order of restitution. Appellant's claim, as we understand it, is not that he is unable to pay the restitution amount at all, but rather that he is unable to pay it within the sixty day period set by the court. Because appellant raised this precise claim in a timely manner, he has not waived it.

∎ ¶ 13 Nonetheless, recent amendments to Sentencing and Crimes Codes establish that restitution in a criminal case is mandatory and the defendant's ability to pay is irrelevant unless and until he defaults on the restitution order. *Commonwealth v. Colon*, 708 A.2d 1279, 1284

(Pa.Super.1998). As a result, appellant's claim—that his ability to pay within sixty days was not considered—has no merit because the court was not obligated to inquire into ability to pay when it entered the order. *Colon, supra.*

¶ 14 Judgment of sentence affirmed.

---

**6.** Appellant argued that the re-testing that was to be financed with the restitution funds should not be accomplished unless the property owners agreed to re-testing. He also claimed that prior regulations regarding soil sample results (those in place in 1992–96), rather than current regulations, should apply to the re-testing results. To the extent appellant raises these issues again on appeal, we find them without merit. The record adequately establishes that the testing results proffered by appellant to the Commonwealth in the closure reports were fraudulent. The

court's order of restitution to allow for re-testing of those sites is appropriate. *See Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487, 489 (1997) (imposition of restitution is left to trial court's discretion, but must be supported by the record). *See also Commonwealth v. Colon*, 708 A.2d 1279 (Pa.Super.1998) (restitution is mandatory pursuant to recent statutory amendments). Further, the standards to be applied to the test results are of no concern to appellant in this criminal case.