**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Barbara Jean ESTMAN, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 8, 2004.
Filed Feb. 9, 2005.

Patrick B. Farrone, Asst. Dist. Atty., Mercer, for Com., appellant.

Dana R. Flick, Mercer, for appellee.

BEFORE: HUDOCK, MUSMANNO and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 The Commonwealth appeals from the April 13, 2004 Order granting appellee Barbara Jean Estman's motion to dismiss charges of theft by deception and theft by failure to make required disposition of funds following the court's· determination

that 42 Pa.C.S.A. § 9303, **Liability for violations of general and specific criminal statutes**, may not be applied retroactively. The facts underlying this lawsuit, as set forth by the trial court follow.

[Appellee] was a tax collector from 1987 until August 3, 2001, when she resigned. On January 16, 2003, [appellee] was charged with Defaulting Tax Collector, an ungraded misdemeanor, Theft by failure to Make Required Disposition, a felony of the third degree, and Theft by Deception, a felony of the third degree. The charges arose from actions of the [appellee] while she performed her duties as a tax collector.

A preliminary hearing was held on January 24, 2003. [Appellee] was ordered held for court on the Defaulting Tax Collector charge. The theft charges were dismissed. There is no record why the theft charges were dismissed.

The · Commonwealth filed a criminal information on May 19, 2003, charging the [appellee] with Defaulting Tax Collector, Theft by Deception and Theft by Failure to Make Required Disposition.

[Appellee's] Motion to Quash [was] premised on the argument that the Commonwealth had to refile the theft charges if it wished to pursue them. This argument is based upon Pa. R.Crim.P. 544[, **Reinstituting Charges Following Withdrawal or Dismissal**].

. . .

[Appellee's] Motion to Dismiss [was] based upon the argument that 42 Pa. C.S. § 9303 [**Liability for violations of general and specific criminal statutes**,] may not be applied retroactively because it effects substantive rights. Hence, the charges of Theft by Deception and Theft by Failure to Make Required Disposition must be dismissed

pursuant to *Commonwealth v. Lussi,* 562 Pa. 621, 757 A.2d 361 (2000).

Trial Court Opinion, Dobson, J., 4/14/04, at 1–2. The trial court thereafter entered the Order dated April 13, 2004 granting appellee's motion to dismiss; this appeal followed.

 ¶ 2 Prior to December 2002, the law in Pennsylvania was that the Commonwealth could not prosecute under the general provisions of the penal code where there existed more specific penal provisions available. *See* 1 Pa.C.S.A. § 1933, **Particular controls general.** *See · also Commonwealth v. Lussi,* 562 Pa. 621, 757 A.2d 361 (2000) (holding the Commonwealth could not prosecute an elected tax collector for both the general charge of theft under the Crimes Code and the specific charge of Defaulting Tax Collector as included in the Local Tax Collection Law). On December 9, 2002, however, 42 Pa.C.A. § 9303 was enacted and provides as follows:

Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes.

*Id.*[1] The question becomes whether this statutory addition to the judicial code, enacted after the crimes of the appellee purportedly were committed, can be applied retroactively, thereby allowing the Commonwealth to prosecute appellee for crimes she could not have been prosecuted for prior to the enactment of § 9303. Generally, the law provides that no statute shall be applied retroactively unless clearly intended by the legislature. *See* 1 Pa.

---

1. The statute became effective 60 days following its enactment.

**1212**

C.S.A. § 1926, **Presumption against retroactive effect.** Case law provides, however, that legislation concerning purely procedural matters, not substantive matters, may be applied to litigation existing at the time of passage as well as litigation commenced after its passage. *Morabito's Auto Sales v. Department of Transportation,* 552 Pa. 291, 715 A.2d 384 (1998). "As a general rule, substantive law is that part of the law which creates, defines and regulates rights, while procedural laws are those that address methods by which rights are enforced." *Commonwealth v. Morris,* 565 Pa. 1, 771 A.2d 721, 738 (2001); *see also Morabito's, supra.*

¶ 3 The Commonwealth argues the trial court erred by concluding that the retroactive application of § 9303 constituted a change in the substantive law, thereby precluding appellee's prosecution for theft by deception and theft by failure to make required disposition of funds. It is the Commonwealth's position § 9303 was simply a *procedural* law that addressed the method by which it could file criminal charges against an individual.

 ¶ 4 Our standard of review when considering this issue is:

A trial court's application of a statute is a question of law, and our standard is plenary. Furthermore, as this matter involves only a question of law, our standard of review is limited to a determination of whether the trial court committed an error of law. It is black letter law that a statute cannot be applied retroactively absent the legislature's *clear intent* that retroactivity is appropriate.

*Commonwealth v. Richardson,* 784 A.2d 126, 129 (Pa.Super.2001), *appeal denied,* 568 Pa. 630, 793 A.2d 907 (2002), (quoting *Commonwealth v. Mackert,* 781 A.2d 178 (Pa.Super.2001), *appeal denied,* 568 Pa. 696, 796 A.2d 980 (2002) (emphasis in original)).

¶ 5 While the wording of the statute arguably rings procedural, the effect of the statute is substantive. As the court reasoned; applying § 9303 retroactively "would permit the defendant to face criminal charges for conduct she could not have been prosecuted for prior to the enactment of Section 9303. It is analytically identical to reviving criminal charges after a prior statute of limitations has run with the enactment of a new statute of limitations." Trial Court Opinion at 5. On that basis, we agree with the trial court's decision granting appellee's motion to dismiss.

¶ 6 Order affirmed.