915 A.2d 1191

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Barbara Jean ESTMAN, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 2, 2006.

Decided Feb. 21, 2007.

Patrick Brian Farrone, Esq., Mercer, for Commonwealth of Pennsylvania.

Dana Ray Flick, Esq., for Barbara Jean Estman.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *OPINION*

Justice BALDWIN.

The Commonwealth of Pennsylvania appeals from a holding that 42 Pa.C.S. § 9303 (Liability for violations of general and specific criminal statutes) cannot be applied to conduct occurring prior to its effective date.

Appellee Barbara Jean Estman ("Estman") was a tax collector for Lackawannock Township and West Middlesex School District from 1987 to 2001. Estman was arrested by the Pennsylvania State Police on January 16, 2003 and charged with defaulting tax collectors, embezzlement (72 P.S. § 5511.39); theft by failure to make required disposition of funds received (18 Pa.C.S. § 3927(a)); and theft by deception (18 Pa.C.S. § 3922(a)(1) and/or (3)). An additional charge of tampering with public records was added. On January 24, 2003, a district justice dismissed the two general felony theft charges of theft by failure to make required disposition of funds received and theft by deception and permitted only the specific misdemeanor Tax Collection Law crimes to proceed to trial.

The district justice dismissed the two general Title 18 charges, relying on *Commonwealth v. Lussi*, 562 Pa. 621, 757 A.2d 361 (2000).[1] In *Lussi*, an elected tax collector for Plains Township in Luzerne County was arrested and charged with theft by unlawful taking or disposition (18 Pa.C.S. § 3921); receiving stolen property (18 Pa.C.S. § 3925); theft by failure to make required disposition of funds received (18 Pa.C.S. § 3927); and violation of the Local Tax Collection Law, 72

---

1. In his concurring opinion, Justice Eakin writes that he believes that *Commonwealth v. Lussi* was wrongly decided and should not have resulted in the dismissal of theft charges against Estman. Neither the *Lussi* case which was previously decided, nor its holding, is before this Court in the instant appeal.

P.S. § 5511.39 (defaulting tax collectors, embezzlement). *Lussi* at 623, 757 A.2d at 361–62. The issue in *Lussi* was whether it was error for "the trial court to allow the Commonwealth to proceed to jury on the general charge of theft by failure to make the required disposition of funds when Lussi was charged with the specific crime of embezzlement under the Local Tax Collection Law." *Id.* at 624, 757 A.2d at 362.

This Court held that it was error to prosecute Lussi pursuant to the theft provision of the Crimes Code and the specific provision of the Local Tax Collection Law, explaining that "it is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available." *Id.* at 625, 757 A.2d at 362. We explained that the Commonwealth must prosecute the defendant under the "applicable specific penal provision" and lacks discretion to elect between the general penal provision and the specific penal provision and may not proceed under both the general and specific provisions. *Id.* at 626, 757 A.2d at 363.

On December 9, 2002, the Legislature enacted 42 Pa.C.S. § 9303 which provides that:

Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes.

Section 9303 became effective on February 7, 2003, sixty days after its enactment, which was after the time that the alleged illegal activity of Estman occurred.

After the enactment of § 9303, the Commonwealth refiled the original charges against Estman, including the two felony theft charges previously dismissed. Estman filed a motion to dismiss the two theft charges, arguing that the dates of the alleged crimes preceded the enactment of § 9303 and that the statute should not be applied retroactively.

After a hearing, the trial court granted Estman's motion, finding that applying § 9303 retroactively would affect Estman's rights and not only the method by which the rights are enforced. In a published opinion, the Superior Court affirmed (868 A.2d 1210 (Pa.Super.Ct.2005)), explaining:

> While the wording of the statute arguably rings procedural, the effect of the statute is substantive. As the court reasoned, applying 9303 retroactively would permit the defendant to face criminal charges for conduct she could not have been prosecuted for prior to the enactment of Section 9303. It is analytically identical to reviving criminal charges after a prior statute of limitations has run with the enactment of a new statute of limitations. Trial Court Opinion at 5. On that basis, we agree with the trial court's decision granting appellee's motion to dismiss.

*Estman*, 868 A.2d at 1212.

■ This Court granted the Commonwealth's Petition for Allowance of Appeal in which the Commonwealth asked this Court to reverse the Superior Court's Order by finding that § 9303 can be applied retroactively. As will be explained *infra*, we affirm the Superior Court's determination that § 9303 cannot be applied retroactively.

■ There is a presumption against the retroactive effect of statutes. "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926. There is no provision in the Act regarding retroactive application of § 9303.

The Commonwealth, Appellant, argues that § 9303 should be applied retroactively because it is a purely procedural statute. By enacting § 9303, the Legislature intended to remove the procedural hurdle of prosecuting only specific crimes. The Commonwealth asserts that § 9303 did not criminalize Estman's conduct, it merely permitted the prosecution for crimes that were already part of the Crimes Code.

Estman contends that the retroactive application of § 9303 would subject her to prosecution for criminal charges that she could not have been prosecuted for before the enactment of

§ 9303. Also, the maximum term of imprisonment and potential fines that Estman would be subject to if convicted would be increased. Estman further maintains that the prosecution and aggravation of the maximum sentence she faces violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions, while the Commonwealth argues that there is no *ex post facto* violation.

In *Morabito's Auto Sales v. Commonwealth Dep't of Transp.*, 552 Pa. 291, 715 A.2d 384 (1998), used car dealership Morabito appealed the imposition of penalties for not properly handling various documents and fees related to vehicle temporary registration plates and cards. *Id.* at 292, 715 A.2d at 384. An issue was the admittance of photocopies of records into evidence that were allegedly illegible.[2] The trial court admitted the photocopies of the records into evidence pursuant to 75 Pa.C.S. § 1103.1(d.1). *Morabito's Auto Sales,* 552 Pa. at 294, 715 A.2d at 385. Morabito argued that it was improper to admit the photocopies pursuant to 75 Pa.C.S. § 1103.1(d.1) as that statute was enacted *after* the alleged violations and *after* the manager of the Department of Transportation's Bureau of Motor Vehicles provided the certification as to the dates when the documents were received.[3] *Morabito's Auto Sales,* 552 Pa. at 294–95, 715 A.2d at 385–86.

The parties in *Morabito Auto Sales* focused their arguments on whether § 1103.1(d.1) was procedural or substantive. This Court explained that:

**2.** The records were of vital importance as they included the date the application was received by the Pennsylvania Department of Transportation (DOT) and the claim was that Morabito failed to timely submit documents and fees. *Morabito's Auto Sales,* 552 Pa. at 293, 715 A.2d at 385.

**3.** The statute in effect that Morabito asserted should have been used to determine if the photocopies of the documents should be admitted into evidence was 42 Pa.C.S. § 6109(b) which states that "any such reproduction ... must accurately reproduce all lines and markings which appear on the original." Section 1103.1(d.1) states, *inter alia,* that "if the displayed stamp [stamp of date when DOT received the application and work identification number] is not legible, a certification by the department of the date that the application was received shall be accepted by the issuing authority or court as prima facie evidence of that date."

> A statute will not generally be construed to be retroactive unless clearly and manifestly so intended by the legislature. 1 Pa.C.S. § 1926. It is well settled, however, that legislation concerning purely procedural matters will be applied not only to litigation commenced after its passage, but also to litigation existing at the time of passage.

*Morabito's Auto Sales,* 552 Pa. at 295, 715 A.2d at 386 (citations omitted).

> In general terms, substantive laws are those which affect rights, while procedural laws are those which address methods by which rights are enforced. The demarcation between substantive and procedural laws is, however, at times shadowy and difficult to determine.

*Id.* at 295–96, 715 A.2d at 386 (citations omitted). In *Morabito's Auto Sales,* this Court ultimately did not reach whether § 1103.1(d.1) was substantive or procedural, having found that it was § 1103.1(d.1) that required a date stamp be placed on applications received, therefore it could not be assumed that the date stamps on the documents at issue were stamped when received as that statute became effective after the documents at issue were received by DOT. *Morabito's Auto Sales,* 552 Pa. at 296–97, 715 A.2d at 386–87.

This Court also considered retroactive application of a statute and the substantive versus procedural nature of the statute in *Petrovick v. Commonwealth Dep't. of Transp.,* 559 Pa. 614, 741 A.2d 1264 (1999). An issue in *Petrovick* was retroactive application of 75 Pa.C.S. § 1586 to DUI convictions in other states that joined the Driver's License Compact where the convictions preceded the effective date of § 1586. Section 1586 required that Pennsylvania shall treat convictions received in states party to the Driver's License Compact as being substantially similar to § 3802 of the Pennsylvania Motor Vehicle Code (driving under the influence of alcohol or controlled substance). The effect of a retroactive application of § 1586 would be to subject Pennsylvania citizens to the same civil penalties that would be applicable for a DUI conviction in Pennsylvania, namely suspension or revocation of driver license privileges, for the equivalent of a DUI convic-

tion in another state. *Petrovick*, 559 Pa. at 624, 741 A.2d at 1269. This Court held that § 1586 cannot be applied retroactively to convictions imposed prior to the effective date of § 1586 as that section did not state that it was to be retroactively applied and because it would likely affect the substantive rights of the driver Appellees.[4] *Petrovick*, 559 Pa. at 625, 741 A.2d at 1269.

 In *Commonwealth v. Morris*, 565 Pa. 1, 29, 771 A.2d 721, 738 (2001), this Court found that a statute that delineates under what circumstances a stay of execution may be secured is substantive, not procedural, stating that "[a]s a general rule, substantive law is that part of the law which creates, defines and regulates rights, while procedural laws are those that address methods by which rights are enforced." This Court acknowledged that the statute at issue, 42 Pa.C.S. § 9545(c) (jurisdiction and proceedings-stay of execution), appears to be setting forth the process to enforce and regulate the right to a stay, but a close inspection of the statute reveals that the statute defines the appropriate circumstances for securing the substantive right to a stay. *Morris*, 565 Pa. at 30, 771 A.2d at 738. Following the reasoning in *Morabito Auto Sales, Petrovick*, and *Morris*, the statute at issue in the case *sub judice* is substantive as it defines and regulates the rights of defendants, namely what crimes they may be charged with. Consequently, we do not believe that the Legislature intended section 9303 to be applied retroactively, particularly in light of the presumption that the General Assembly does not intend an unconstitutional result. 1 Pa.C.S. § 1922(3).[5]

4. The analysis in *Petrovick* regarding whether the offenses in Pennsylvania and other states are substantially similar was later found to be supplanted by 75 Pa.C.S. § 1586 after the section's effective date. *Wroblewski v. Commonwealth Dep't of Transp.*, 570 Pa. 249, 255, 809 A.2d 247, 251 (2002). The *Wroblewski* holding did not affect the reasoning of the *Petrovick* Court with regard to whether substantive rights were implicated in *Petrovick*.

5. The parties each raised the *ex post facto* clauses of the United States and Pennsylvania Constitutions in their briefs. Both the federal Constitution and the Pennsylvania Constitution contain *ex post facto* clauses. "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1. "No ex post facto law . . . shall be passed." Pa. Const. art.

In the instant case, we agree with the Superior Court's finding that while the statute at issue "arguably rings procedural," its effect "is substantive." *Estman*, 868 A.2d at 1212. Because § 9303 is substantive, it cannot be applied retroactively. Consequently, we affirm the decision of the Superior Court.

Chief Justice CAPPY and MESSRS.

Justice SAYLOR and BAER join the opinion.

Justice EAKIN files a concurring opinion in which Justice CASTILLE joins.

Justice EAKIN, concurring.

I agree that 42 Pa.C.S. § 9303 cannot be applied retroactively here. However, I write separately as I believe *Commonwealth v. Lussi*, 562 Pa. 621, 757 A.2d 361 (2000), was wrongly decided and should not have caused dismissal of the theft charges in the first place.

First, as pointed out in the dissent in *Lussi*, there are different elements in the tax statute and the Crimes Code statute: perhaps most significantly, the latter requires intent, while a conviction for the former may be based solely on negligence. As the two criminal statutes are not in conflict at all, § 9303 is irrelevant. There simply is no "irreconcilable conflict" in these two criminal provisions-there is no conflict at all.

Further, the majority opinion in *Lussi* relies on 1 Pa.C.S. § 1933, which states:

I, § 17. "Although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990) (citations omitted). "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.* at 43, 110 S.Ct. at 2719. Because we find that 42 Pa.C.S. § 9303 may not be applied to conduct occurring prior to its effective date, we do not reach the application of the *ex post facto* clauses to § 9303.

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, *unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.*

*Id.* (emphasis added).

There is no effort in *Lussi* to construe the two "if possible, so that effect may be given to both"—the two are approached as "either/or," and not as possibly coexisting. Further, the penultimate phrase of this statute is not mentioned by the *Lussi* Court. It says that special provisions prevail *unless* the general provision is enacted later, and there is manifest legislative intent that the general prevail. The embezzlement provision was codified as part of the Local Tax Collection Law in 1945. In 1972, the legislature enacted the Crimes Code, including §§ 3922 and 3927; these general provisions were enacted later. Section 107(b) of the 1972 Crimes Code expressly states the legislature's intent that the Code supersede existing criminal statutes and that common law crimes be abolished. 18 Pa.C.S. § 107(b). Thus, both prongs of § 1933's exception are met, and if there is an irreconcilable conflict here, the general provisions prevail.

It may also be said that *Lussi* yields an absurd result, providing a loophole for fraudulent public tax collectors. Is it not absurd for an individual who has violated a position of public trust by embezzling taxpayer funds to be shielded from the felony theft charges she would otherwise face but for her position as a tax collector? As the legislature does not intend such an absurd result, *Lussi* should be rejected when properly framed for this Court's attention. As the parties did not raise this issue, however, I concur in the majority's holding with regard to the issue before us, *i.e.*, that § 9303 cannot be applied retroactively.

Justice CASTILLE joins this concurring opinion.