IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mahmoud Ghaderi, D.O.,        :
                 Petitioner    :
                                :
       v.                   : No.  515 C.D. 2022
                                : Argued:  March 8, 2023
State Board of Osteopathic    :
Medicine,                       :
                 Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE STACY WALLACE, Judge


OPINION BY
JUDGE WALLACE                          FILED:  August 30, 2023


Mahmoud Ghaderi, D.O. (Ghaderi) petitions for review of the State Board of Osteopathic Medicine's (Board) May 5, 2022 final adjudication and order, which denied Ghaderi's petition to reinstate his license to practice osteopathic medicine from suspension.  The Board denied Ghaderi's petition by retroactively applying the Act of July 1, 2020, P.L. 575, No. 53 (Act 53).  Upon review, we vacate and remand.

## I. Background

Ghaderi is an osteopathic physician and surgeon who first obtained a license to practice in Pennsylvania in 1994.  Reproduced Record (R.R.) at 24a.  On or about

July 23, 2018, Ghaderi pled nolo contendere[1] to one count of misdemeanor indecent assault, 18 Pa.C.S. § 3126(a)(1), resulting from his sexual abuse of a patient. R.R. at 10a-11a, 25a. His sentence included 3 months of intermediate punishment, 2 years of probation, costs of $3,492.50, and 15 years of registration as a sexual offender. *Id.* at 25a. Ghaderi entered into a consent agreement and order (Order), which the Board approved and adopted on June 12, 2019. Under the Order, Ghaderi's license to practice was suspended indefinitely, but he could obtain reinstatement by demonstrating his ability to practice "safely and competently," among other things. *Id.* at 26a-30a.

Consistent with the Order's provisions, Pennsylvania law at the time the Board suspended Ghaderi's license did not prohibit him from seeking reinstatement. Section 15(a)(3) of the Osteopathic Medical Practice Act, Act of October 5, 1978, P.L. 1109, *as amended*, 63 P.S. § 271.15(a)(3), provided merely that the Board could refuse, revoke, or suspend a license due to "[c]onviction of a felony, a crime involving moral turpitude, or a crime related to the practice of osteopathic medicine."[2, 3] In any circumstance where the Board found a license could be refused,

---

[1] "'Nolo contendere' is a Latin phrase which means, 'I do not wish to contend[.]' When a defendant enters a plea of nolo contendere, he technically does not admit guilt. However, for purposes of a criminal case, a plea of nolo contendere is equivalent to a plea of guilty." *Commonwealth v. Norton*, 201 A.3d 112, 114 n.1 (Pa. 2019) (citations and italics omitted).

[2] A "conviction" for purposes of Section 15(a)(3) expressly included "a plea of nolo contendere." 63 P.S. § 271.15(a)(3).

[3] In the Order, Ghaderi stipulated to violations of both Section 15(a)(3) of the Osteopathic Medical Practice Act, 63 P.S. § 271.15(a)(3), and Section 9124(c)(2) of the Criminal History Record Information Act, 18 Pa.C.S. § 9124(c)(2), which provided the Board "may refuse to grant or renew, or may suspend or revoke any license, certificate, registration or permit . . . [w]here the applicant has been convicted of a misdemeanor which relates to the trade, occupation or profession for which the license, certificate, registration or permit is sought." R.R. at 26a-27a.

revoked, or suspended, it had the discretion to "[s]uspend enforcement of its finding thereof and place a licensee on probation with the right to vacate the probationary order for noncompliance." Section 15(c)(5) of the Osteopathic Medical Practice Act, 63 P.S. § 271.15(c)(5). The Board could also "[r]estore or reissue a license to practice osteopathic medicine and surgery . . . and impose any disciplinary or corrective measure which it might originally have imposed." 63 P.S. § 271.15(c)(6).

About a year after Ghaderi entered into the Order, however, Pennsylvania's General Assembly passed Act 53 into law. Act 53 includes new provisions governing the licensing of individuals who commit sexual offenses. Under 63 Pa.C.S. § 3113(d), "[w]hen determining eligibility for licensure as a health care practitioner, a licensing board or licensing commission may not issue a license, registration, certificate or permit or otherwise allow an individual to practice as a health care practitioner if the individual has been convicted of a sexual offense."[4] Meanwhile, 63 Pa.C.S. § 3113(i) defines "sexual offense" to include "[a]ny of the offenses enumerated in 18 Pa.C.S. Ch. 31 (relating to sexual offenses)." This, of course, includes an indecent assault conviction under 18 Pa.C.S. § 3126(a)(1). Section 5 of Act 53 provides that Section 3113, containing these more restrictive provisions, "shall apply to official acts and matters, including disciplinary matters, related to the issuance of licenses, certificates, registrations or permits by licensing boards or licensing commissions beginning on or after 180 days after the effective date of this section," or on December 28, 2020.

On October 28, 2020, Ghaderi filed a petition to "stay" the indefinite suspension of his license "in favor of a reasonable period of probation." R.R. at 45a. Ghaderi averred he completed the probation portion of his criminal sentence. *Id.* at

---

[4] Like the Osteopathic Medical Practice Act, a "criminal conviction" under Act 53 includes a plea of nolo contendere. 63 Pa.C.S. § 3102.

46a.  In addition, Ghaderi averred he completed sexual offender counseling.  *Id.*  He attached a discharge report from his counselor, Lauren Kossler, M.Ed., LPC (Kossler), who opined he was "at a low average risk for any future sexual recidivism."  *Id.* at 76a.  Kossler further opined, "with a reasonable degree of professionalism," that he was fit to resume practicing medicine.  *Id.*

The Board scheduled a hearing before a hearing examiner, which occurred via videoconference on December 9, 2020.  At the start of the hearing, Counsel for the Commonwealth requested a continuance, explaining Act 53's provisions would not take effect until later that month.  R.R. at 135a-36a.  He argued a continuance would allow him to file a motion requesting summary denial of Ghaderi's petition under Section 3113(d), which would avoid the "serious risk of some or all of these proceedings effectively being made moot by the change of law."  *Id.* at 136a-37a.  Counsel for Ghaderi argued Act 53 would not apply to the proceedings, even after taking effect.  *Id.* at 138a.  He cited "some grave constitutional issues in connection with the statute."  *Id.*  The hearing examiner denied the request for a continuance, explaining it was his understanding Act 53 would apply regardless of whether he continued the matter, but he was "not prepared to say that Act 53, on its face, precludes [] Ghaderi from seeking reinstatement."  *Id.* at 141a-42a.

Ghaderi then presented his case-in-chief, in which he attempted to establish he could "safely and competently practice medicine at this time."  R.R. at 142a-43a.  Ghaderi testified on his own behalf.  He also presented testimony from Frank Shannon, his probation officer; Kossler, who the hearing examiner accepted as an expert in evaluating the likelihood of sexual offender recidivism; and various character witnesses.  Notably, Ghaderi described the circumstances leading to his nolo contendere plea as a mere "misunderstanding" and denied he ever "did anything

4

improper." *Id.* at 165a, 371a-80a, 390a-91a, 424a. Counsel for the Commonwealth did not present any testimony of his own and indicated he was not taking a position on the proceedings "at this time."[5] *Id.* at 145a. Counsel explained he intended to "create as thorough a record as possible" for the benefit of the Board. *Id.*

The hearing examiner issued a proposed adjudication and order on May 18, 2021, recommending reinstatement of Ghaderi's license. The hearing examiner expressed concern regarding Ghaderi's "longstanding denial that there was any sexual component to his criminal offense." R.R. at 477a. Nonetheless, the hearing examiner explained he would defer to Kossler's opinion that Ghaderi was unlikely to reoffend, since she "regularly works upon referral from the criminal justice system." *Id.*

Turning to Act 53, the hearing examiner reasoned Ghaderi had a "vested property right" in his suspended osteopathic medical license and could not be deprived of that right by a retroactive application of the law without clear intent by the General Assembly. R.R. at 482a. There was no indication in Act 53, the hearing examiner explained, that the General Assembly intended its prohibition on licensing sexual offenders to apply to someone with an existing, suspended license. *Id.* at 483a. Thus, the hearing examiner concluded Act 53 could not prohibit Ghaderi from seeking reinstatement. *Id.* 482a-83a.

The Board issued a notice of intent to review the hearing examiner's proposed adjudication and order. On May 5, 2022, the Board issued a final adjudication and order, rejecting the hearing examiner's recommendation and denying Ghaderi's petition. The Board concluded the hearing examiner's retroactivity analysis was not one it was "authorized to adopt" and applied Act 53's prohibition on licensing sexual

---

[5] Counsel for the Commonwealth later recommended in his post-hearing brief that Ghaderi's petition be denied.

5

offenders to Ghaderi. R.R. at 490a-92a. The Board cited the general presumption that laws are constitutional. *Id.* at 492a (citing *Haveman v. Bureau of Pro. & Occupational Affs., State Bd. of Cosmetology*, 238 A.3d 567, 572 (Pa. Cmwlth. 2020) (*en banc*)). It also rejected the hearing examiner's explanation that the General Assembly did not clearly intend Act 53's prohibition to apply. *Id.* According to the Board, "[t]he guidelines for the application of [63 Pa.C.S. § 3113(d)] are explicit: The Board cannot allow [Ghaderi], or any other individual, to practice as a health care practitioner when that individual has been convicted of a sex offense." *Id.* (citing *Blanco v. Pa. State Bd. of Priv. Licensed Schs.*, 718 A.2d 1283, 1285 (Pa. Cmwlth. 1998)).

Ghaderi filed a petition for review in this Court. He argues Act 53's prohibition on licensing sexual offenders cannot apply to him because (1) the plain language of Act 53 applies to applicants for licenses but not current licensees like himself, (2) applying Act 53 to prohibit his reinstatement would constitute an impermissible retroactive application of the law, (3) Act 53, as applied to him, violates his procedural and substantive due process rights, and (4) application of Act 53 to prohibit his reinstatement would violate constitutional protections against *ex post facto* laws.

## II. Discussion

Ghaderi's arguments require this Court to engage in statutory interpretation, which is a question of law. *See In re: Est. of Potocar*, 283 A.3d 936, 941 (Pa. Cmwlth. 2022) (citing *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014)). When interpreting a statute, "our standard of review is *de novo* and our scope of review is plenary. In other words, we do not defer to the [tribunal below] when reaching our decision, and we may review the entire record on appeal." *Id.*

6

(citations omitted). Our goal when interpreting a statute is to "ascertain and effectuate the General Assembly's intent. The plain language of a statute is, as a general rule, the best indicator of such legislative intent." *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1067-68 (Pa. 2012) (citing *Bd. of Revision of Taxes*, *City of Phila. v. City of Phila.*, 4 A.3d 610, 622 (Pa. 2010)).

We initially reject Ghaderi's argument that Act 53's prohibition on licensing sexual offenders does not apply to current licensees. He maintains the plain language of Section 3113(d) governs "the eligibility of applicants for the issuance of a license" but not "current licensees" like himself. Ghaderi's Br. at 21. Ghaderi emphasizes our General Assembly's use of the word "applicant," or some variation thereof, in Act 53's provisions. *Id.* at 21-23 (citing 18 Pa.C.S. § 9124(b); 63 Pa.C.S. §§ 3113(b), 3118(c)(3)).

Contrary to Ghaderi's position, Section 3113 expressly applies to "a licensing board or licensing commission under the Bureau of Professional and Occupational Affairs in the Department of State with respect to **refusing to issue or renew, suspending, revoking or limiting a license**, certificate, registration or permit." 18 Pa.C.S. § 9124(a.1)(3) (emphasis added). Section 5 of Act 53 indicates Section 3113 "shall apply to official acts and matters, including disciplinary matters, related to the issuance of licenses, certificates, registrations or permits by licensing boards or licensing commissions." Under 63 Pa.C.S. § 3102, a "disciplinary matter" is a matter subject to the Board's jurisdiction, in which the Board "has the authority to refuse, suspend, revoke or limit a license, registration, certificate or permit or to impose a civil penalty or other discipline under an act." Accordingly, Act 53's plain language demonstrates the prohibition on licensing sexual offenders applies to

7

current licensees and not merely "applicants for the issuance of a license" as Ghaderi proposes.

We agree with Ghaderi, however, that applying Act 53's prohibition to him would be an impermissible retroactive application of the law.[6]  Ghaderi cites Pennsylvania's rules of statutory construction, which provide no statute may be construed retroactively "unless clearly and manifestly so intended by the General Assembly."  Ghaderi's Br. at 23 (quoting Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926).[7]  A statute applies retroactively when it "relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018) (*en banc*) (quoting *Dep't of Lab. & Indus., Bureau of Emp. Sec. v. Pa. Eng'g Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980) (*en banc*)) (emphasis omitted).

Our review of Act 53 reveals no language indicating the General Assembly's clear and manifest intent to apply the prohibition on licensing sexual offenders retroactively.  Section 5 of Act 53 indicates merely that Section 3113 applies to matters "beginning on or after 180 days after the effective date of this section," or on December 28, 2020.  This Court recently reached the same conclusion in a case involving 63 Pa.C.S. § 3113(f), which addresses drug trafficking offenses.  *See Almusa v. State Bd. of Med.*, ___ A.3d ___ (Pa. Cmwlth., No. 342 C.D. 2022, filed July 13, 2023).  There, the Court concluded Section 3113(f) "may not be applied

---

[6] Given this conclusion, we need not address Ghaderi's additional arguments that applying the prohibition would amount to a due process or *ex post facto* violation.

[7] *See also* Section 1953 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1953 (providing, when a statute is amended, that "the new provisions shall be construed as effective only from the date when the amendment became effective").

retroactively" because the General Assembly "expressed that Section 3113 of Act 53 was to apply prospectively" in Section 5. *Id.*, slip op. at 14.

An exception to the general rule against retroactivity exists where "the statute is merely procedural and does not alter any substantive rights." *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 559 (Pa. Cmwlth. 2020) (*en banc*) (citing *Keystone Coal Mining Corp. v. Workmen's Comp. Appeal Bd.*, 673 A.2d 418, 421 (Pa. Cmwlth. 1996)). "In general terms, substantive laws are those which affect rights, while procedural laws are those which address methods by which rights are enforced." *Commonwealth v. Estman*, 915 A.2d 1191, 1194 (Pa. 2007) (quoting *Morabito's Auto Sales v. Dep't of Transp.*, 715 A.2d 384, 386 (Pa. 1998)); *see also Galant v. Dep't of Env't Res.*, 626 A.2d 496, 498 (Pa. 1993) (quoting *Universal Cyclops Steel Corp. v. Workmen's Comp. Appeal Bd. (Krawczynski)*, 305 A.2d 757, 761 (Pa. Cmwlth. 1973) (*en banc*)) ("Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But, where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage. . . .").

Ghaderi maintains a property right in his suspended osteopathic medical license, which Section 3113(d) would eliminate. *See McGrath v. Bureau of Pro. & Occupational Affs., State Bd. of Nursing*, 173 A.3d 656, 665 (Pa. 2017) (citing *Brown v. State Bd. of Pharmacy*, 566 A.2d 913, 915 (Pa. Cmwlth. 1989)); *Bhattacharjee v. Dep't of State, State Bd. of Med., Bureau of Pro. & Occupational Affs.*, 808 A.2d 280, 283 (Pa. Cmwlth. 2002) (citing *Shah v. State Bd. of Med.*, 589

9

A.2d 783 (Pa. Cmwlth. 1991)).[8] Thus, Section 3113(d) "affect[s] rights" rather than the "methods by which rights are enforced." *See Estman*, 915 A.2d at 1194. It is substantive law and cannot apply to Ghaderi retroactively in the absence of express legislative intent.[9]

### III. Conclusion

The Court will therefore vacate the Board's May 5, 2022 final adjudication and order, and remand for further proceedings. On remand, the Board must consider Ghaderi's petition without application of Section 3113(d). This is not to say the Board *must* reinstate Ghaderi's license. The Board might still exercise its discretion and conclude Ghaderi has not established he may "safely and competently" return

---

[8] Although Ghaderi's license is also expired, R.R. at 24a-25a, the holder of an expired license retains a property right just as the holder of a suspended license does. *See Nicoletti v. State Bd. of Vehicle Mfrs., Dealers & Salespersons*, 706 A.2d 891, 893-94 (Pa. Cmwlth. 1998).

[9] As the Board points out in its brief, "an individual has no vested right to practice medicine within the Commonwealth." *Barran v. State Bd. of Med.*, 670 A.2d 765, 768 (Pa. Cmwlth. 1996) (citing *Oliver v. Dep't of State, Pa. Bd. of Psych. Exam'rs*, 404 A.2d 1386 (Pa. Cmwlth. 1979)). Case law sometimes suggests that only "a vested right or an obligation under a contract" qualifies as a "substantive right" for retroactivity purposes. *See, e.g.*, *Keystone Coal*, 673 A.2d at 421 n.6 (citing *Creighan v. City of Pittsburgh*, 132 A.2d 867 (Pa. 1957)). This case law arguably conflates two distinct concepts. Substantive legislation will apply retroactively if our General Assembly indicates its clear and manifest intent. *See* 1 Pa.C.S. § 1926; *D & R Constr. v. Workers' Comp. Appeal Bd. (Suarez)*, 167 A.3d 837, 841-43 (Pa. Cmwlth. 2017) (*en banc*). If substantive legislation impairs vested rights or contractual obligations, however, it violates constitutional protections. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994); *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 434 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023). Regardless, this Court has described a consent order, like the Order Ghaderi entered into in this case, as akin to a contract. *See Kenney v. Bureau of Pro. & Occupational Affs., State Bd. of Pharmacy*, 203 A.3d 421, 427 (Pa. Cmwlth. 2019) (quoting *Cecil Twp. v. Klements*, 821 A.2d 670, 674 (Pa. Cmwlth. 2003) (recognizing that a consent order "is in essence a contract binding the parties," which this Court "will construe or interpret . . . as it would a contract"). The Board approved and adopted the Order, which memorialized Ghaderi's right to petition for reinstatement. R.R. at 28a-30a, 44a.

10

to practice as an osteopathic physician and surgeon.  *See* R.R. at 28a.  That decision, however, is for the Board to make only after review of the relevant evidence.[10]

 

 

_____
STACY WALLACE, Judge

---

[10] The Board asks us to "remand . . . for a hearing" in the event we agree with Ghaderi that Section 3113(d) cannot apply to him.  Board's Br. 6.  As summarized above, Ghaderi already participated in a hearing, at which Counsel for the Commonwealth set out to "create as thorough a record as possible" for the Board to review.  R.R. at 145a.  The Board does not clearly articulate in its brief why the first hearing was insufficient, and Counsel for the Board acknowledged at argument before this Court that the Board could reach a decision using the existing record.  As a result, in the interest of avoiding unnecessary delay, we deny the Board's request for a hearing.  The Board must reach a new decision based on the evidence already presented.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mahmoud Ghaderi, D.O., : 
                  Petitioner : 
                   : 
      v. : No.  515 C.D. 2022
                   : 
State Board of Osteopathic : 
Medicine, : 
            Respondent  : 

## O R D E R

**AND NOW**, this 30th day of August 2023, the State Board of Osteopathic Medicine's (Board) May 5, 2022 final adjudication and order is hereby **VACATED**, and the case is **REMANDED** consistent with the foregoing opinion. The Board must rule on the petition of Mahmoud Ghaderi, D.O., seeking reinstatement of his license to practice osteopathic medicine, without applying 63 Pa.C.S. § 3113(d). The Board's request that the Court remand for a second evidentiary hearing is **DENIED**. The Board shall reach a decision using the existing record, particularly the evidence already presented at the hearing on December 9, 2020, and issue a new order from which an appeal may be taken.

      Jurisdiction relinquished.

 

_____
STACY WALLACE, Judge