J-S79026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ALDEN LEANIER :
:
Appellant : No. 571 EDA 2017

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012100-2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 24, 2018**

Alden Leanier appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed under the Post conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46, without a hearing.  We affirm.

On May 1, 2011, Leanier assaulted his then-girlfriend, Deborah Taylor, in the bedroom of her house.  Leanier restrained and repeatedly hit Taylor. The next day, Taylor changed the locks on the doors of her house.  A few days later, while Taylor was at work, Leanier broke into her house, stopped up the bathtub drain, turned on the water and left.  When Taylor returned, her house was flooded.  The cost of repair was $119,226.00.

Leanier entered a negotiated plea of *nolo contendere* to criminal mischief, unlawful restraint and simple assault.[1]  The court sentenced Leanier to 9 to 23 months' incarceration, followed by five years' probation.  The court also awarded restitution in the amount of $119,226.00 ($2,500.00 to the victim and $116,726.00 to the victim's insurance company).

Leanier did not file post-sentence motions.  He filed a timely *pro se* notice of appeal on July 5, 2012.  The court appointed counsel, who filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, stating there were no non-frivolous issues preserved for appeal.  The trial court filed a Rule 1925(a) opinion, and counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), seeking to withdraw.  This Court affirmed Leanier's judgment of sentence and granted counsel leave to withdraw.  **Commonwealth v. Leanier**, 1953 EDA 2012 (unpublished memorandum, filed July 26, 2013).

On July 24, 2014, Leanier filed a PCRA petition.  The PCRA court appointed counsel. Counsel filed an amended petition on October 23, 2015, claiming trial counsel was ineffective for failing to file a post-sentence motion challenging the restitution award.  The Commonwealth filed a motion to dismiss the petition and, on December 2, 2016, the court issued notice of intent to dismiss pursuant to Pa.R.Crim. 907.  On January 30, 2017, the PCRA court denied the petition and Leanier filed a notice of appeal.  The trial court

_____

[1] 18 Pa.C.S.A. §§ 3304, 2902, and 2701.

filed an order directing Leanier to file a Rule 1925(b) statement. Leanier filed his Rule 1925(b) statement on March 17, 2017.

On appeal, Leanier raises one issue: did the PCRA court err in denying him an evidentiary hearing when he raised a material issue of fact that trial counsel was ineffective in failing to file post-sentence motions requesting reconsideration of the restitution award of $116,726.00?

Pennsylvania Rule of Criminal Procedure 907 provides that

> [i]f the judge is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. 907(1). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." **Commonwealth v. Taylor**, 933 A.2d 1035, 1040 (Pa. Super. 2007). **See also Commonwealth v. Morrison**, 878 A.2d 102, 109 (Pa. Super. 2005) ("A PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law."); **Commonwealth v. Payne**, 794 A.2d 902, 906 (Pa. Super. 2002) ("The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or

from other evidence."). A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Leanier claims counsel was ineffective for failing to file a post-sentence motion challenging the restitution award. As this Court noted on direct appeal, any claim that restitution is excessive is a challenge to discretionary aspects of sentencing[.]" ***Commonwealth v. Leanier***, ***supra*** at *8, n.5. ***See Commonwealth v. Oree***, 911 A.2d 169, 173 (Pa. Super. 2006) (when court's authority to impose restitution is challenged, it concerns legality of sentence; when challenge is based on excessiveness, it concerns discretionary aspects of sentence). Here, Leanier entered a negotiated plea, which limits his claims on appeal to the validity of the plea, the jurisdiction of the trial court, and the *legality* of the sentence imposed. ***Commonwealth v. Stradley***, 50 A.3d 769, 770 (Pa. Super. 2012), citing ***Commonwealth v. Boyd***, 835 A.2d 812, 819 (Pa. Super. 2003). The legality of a sentence is a non-waivable issue. ***Commonwealth v. Dickson***, 918 A.2d 95 (Pa. 2007). The fact that counsel failed to file post-sentence motions to preserve a discretionary challenge is, therefore, inconsequential, and Leanier's claim of ineffectiveness is clearly meritless. The PCRA court correctly denied relief without a hearing.[2]

---

[2] With respect to the legality of the restitution order, we emphasize that restitution is authorized by 18 Pa.C.S.A. § 1106, which specifically mandates full restitution where a defendant's crimes directly resulted in loss of property.

_____

Section 1106 of the Crimes Code, restitution for injuries to person or property, provides:

> **(a) General rule**.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender *shall* be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106 (emphasis added). Subsection (c)(1)(i) of section 1106 pertains to mandatory restitution and states in pertinent part that the court "*shall* order full restitution . . . so as to provide the victim with the fullest compensation for the loss," and that the court "*shall not* reduce a restitution award by any amount that the victim has received from an insurance company but *shall* order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company." 18 Pa.C.S.A. § 1106(c)(1)(i) (emphasis added). ***See also*** 18 Pa.C.S.A. § 1106(h) ("Victim" includes "any insurance company that has compensated the victim for loss under an insurance contract.").

As this Court stated on direct appeal:

> The statute specifically mandates restitution to the victim, as well as any insurance company which provided reimbursement to the victim as a result of the appellant's criminal conduct. ***See*** 18 Pa.C.S.A. § 1106. That is precisely what occurred in this case, and therefore, . . . the trial court had the statutory authority to order full restitution to the victim and the insurance company.

***Commonwealth v. Leanier***, ***supra*** at *8. The Commonwealth demonstrated that Taylor's insurance company assessed the damage to be worth a specific sum of money, for which Taylor was paid. Thus, a clear factual basis was established for awarding restitution in the amount paid by the insurance to compensate Taylor for the damage caused by Leanier's criminal conduct. ***See also*** 18 Pa.C.S.A. § 1106(c)(1)(i) (Mandatory restitution.--(1) The court shall order full restitution: (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss."); ***Commonwealth v. Leber***, 802 A.2d 648, 652 (Pa. Super. 2002) (recent amendments to Sentencing and Crimes Codes

Order affirmed.

Judge Ott joins the Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/18

_____

establish that restitution in criminal case is mandatory and defendant's ability to pay is irrelevant unless and until he defaults on restitution order), *citing Commonwealth v. Colon*, 708 A.2d 1279, 1284 (Pa. Super. 1998).