J-S58006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORNELL POINDEXTER | : | |
| | : | |
| Appellant | : | No. 100 WDA 2019 |

Appeal from the PCRA Order Entered December 11, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0010211-2014

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:            **FILED JANUARY 6, 2020**

Cornell Poindexter appeals from the order entered in the Allegheny County Court of Common Pleas, which denied as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. Poindexter asserts that his facially untimely PCRA petition was entitled to review under the newly discovered fact exception to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). We conclude that the PCRA court was correct in its determination that Poindexter was not entitled to relief and affirm.

Poindexter was initially charged with various offenses stemming from a shooting at a Pittsburgh nightclub. While at first another individual was charged with those crimes, additional evidence ended up exonerating that individual and correspondingly implicating Poindexter. The additional evidence consisted of surveillance video as well as identification by one of the victims.

On March 21, 2016, Poindexter entered a negotiated plea, wherein he pleaded guilty to: one count of third degree murder, ***see*** 18 Pa.C.S.A. § 2502(c), four counts of aggravated assault, ***see*** 18 Pa.C.S.A. § 2702(a)(1), and one count of possession of a firearm – prohibited, ***see*** 18 Pa.C.S.A. § 6105(a)(1). Pursuant to this plea, Poindexter received fifteen to thirty years of imprisonment for the third degree murder conviction and concurrent sentences of five to ten years of imprisonment for each for the other five offenses.

Poindexter did not file a post-sentence motion nor did he file a direct appeal. Poindexter's instant PCRA petition was filed *pro se* on April 9, 2018, and a counseled, amended petition was subsequently filed. After an evidentiary hearing, the PCRA court found Poindexter unable to surmount the PCRA's time-bar. Poindexter filed a timely notice of appeal, and the PCRA court and Poindexter complied with the dictates of Pa.R.A.P. 1925.[1]

Poindexter raises one issue for our review:

1) Did the PCRA court err as a matter of law in denying Poindexter's petition for post-conviction relief when it determined that his plea was not constructively involuntary?

***See*** Appellant's Brief, at 4, 8.

---

[1] While Poindexter's 1925(b) statement of matters complained of on appeal appears to have been submitted one day later than the date set by the PCRA court, the PCRA court identifies that "the delay was caused by difficulties," PCRA Court Opinion, 6/25/19, at 2, between PCRA counsel and Poindexter and has accepted Poindexter's submission *nunc pro tunc*.

Our standard of review is well settled: "[w]hen reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). While we generally are bound by a PCRA court's credibility determinations, we apply a *de novo* standard to our review of the court's legal conclusions. **See id.**

The PCRA also contains explicit time limitations on petition review.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

As Poindexter sought no further review of his judgment of sentence, it became final thirty days later, on April 20, 2016. **See** Pa.R.A.P. 903. As a result, his petition, filed approximately two years later, is facially untimely. Therefore, absent Poindexter demonstrating the applicability of an exception, the courts lack the jurisdiction to consider the merits of his petition.

The PCRA provides three exceptions to its time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year or, in some circumstances, sixty days of the date the claim could have first been presented, predicated on when the claim specifically arose. **See** 42 Pa.C.S.A. § 9545(b)(2).[2] Further, exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007).

Poindexter contends review of his claim is warranted because he has pled and proved an exception to the PCRA's one-year time-bar in his petition. Specifically, he asserts he meets the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii), *i.e.*, the newly discovered fact exception to the PCRA's time-

---

[2] On October 24, 2018, our General Assembly amended section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies *only* to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

bar.

The newly discovered fact exception has two components which must be alleged and proved. The petitioner must establish that: 1) the facts upon which the claim was predicated were unknown; and 2) those facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017). Additionally, "[t]he focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation omitted) (emphasis in original).

Due diligence requires the petitioner "take reasonable steps to protect his own interests." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citation omitted). However, it does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id***. (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Monaco***, 996 A.2d at 1080 (citations omitted).

Poindexter asserts that, on February 5, 2018, he was reading a local newspaper, which contained a story revealing "that the lead investigator in

his case, County Police Homicide Detective Margaret 'Peggy' Sherwood, had been indicted by a grand jury with numerous and various allegations of witness tampering, assorted perjury and unsworn falsifications alike, evidence tampering, [etc.]" Appellant's Brief, at 7. Further, the newspaper story allegedly set forth that these charges stemmed from actions "committed during the performance of her official duties." *Id*. Poindexter also alleges that the story indicated a criminal complaint against Sherwood was filed on January 26, 2018, with her preliminary hearing scheduled for February 20.

The PCRA court found Poindexter incapable of surmounting the PCRA's time-bar because his petition "was not filed within 60 days of the date" he could have presented a claim of newly discovered evidence. Trial Court Opinion, 6/25/19, at 6. The PCRA court determined that, because his trial counsel filed a motion *in limine* seeking information related to Sherwood on August 5, 2015, prior to Poindexter's plea agreement, he "was aware of alleged improprieties relating to Detective Sherwood's official duties" at that point. *Id*., at 6-7.

We conclude that the content of Poindexter's motion *in limine* was of a distinct enough nature so as not to constitute an already known fact when compared to the at-issue newspaper article and underlying criminal complaint. Poindexter's motion, in part, stated that Sherwood was, at that point, being investigated by Pittsburgh's Office of Municipal Investigations due to the way she conducted a photo array in a homicide case sent to a grand jury. ***See***

Appellee's Brief, at 15. As such, the motion sought disclosure of why Sherwood had been placed on administrative leave, but did not suggest or identify anything of a criminal nature. *See id*., at 16.

Conversely, the recent newspaper article depicted accusations of her criminality, evinced by charges contained within a criminal complaint, stemming from an unpublicized state grand jury investigation. Given the disparate nature of this grand jury indictment to that of an administrative proceeding, we find that the facts surrounding Sherwood's alleged criminality were not previously known to Poindexter.

In addition, the PCRA court opined that "there is no question that minimal diligence would have uncovered the public filing of the criminal charges on January 29, 201[8], and the media coverage of those charges as late as February 2, 201[8]." Trial Court Opinion, 6/25/19, at 7. The PCRA court suggests that Poindexter's April 9, 2018 PCRA petition was untimely, as he had, at the latest, sixty days from the date the newspaper story was published. *See id*., at 8.

Here, the "fact" proffered by Poindexter is the criminal charges that were filed against Sherwood.[3] Poindexter could have learned about this event, at

---

[3] While Poindexter may have learned about the charges filed against Sherwood in a newspaper, he is relying on the charges that were actually filed, rather than the contents of the article, to establish a newly discovered fact. This distinction sets it apart from *Commonwealth v. Castro*, 93 A.3d 818, 820, 827 (Pa. 2014), which featured an individual attempting to use a newspaper

the absolute earliest, on January 29, 2018, which was the unsealing date of the criminal complaint filed by the Pennsylvania Attorney General's office.

Under a recent amendment, section 9545(b)(2) gives petitioners one year from the date the claim could have been presented to invoke a PCRA time-bar exception if such a claim arose on December 24, 2017, or later. **See** 42 Pa.C.S.A. § 9545(b)(2). Prior to the amendment, a petitioner was required to file a petition within sixty days of the date he learned of the facts used to establish the exception.

We are cognizant that while October 24, 2018, was the passage date of the amendment to 42 Pa.C.S.A. § 9545(b)(2), its effective date was December 24, 2018. As such, the amendment's effective date came some eight months after Poindexter filed his PCRA petition. More importantly, the PCRA court's December 1, 2018 order denying Poindexter's petition was entered between the passage date and the effective date.

Unless clearly and manifestly intended by our General Assembly, we are not to interpret a statute to be retroactive. **See** 1 Pa.C.S.A. § 1926. However, "legislation concerning purely procedural matters, not substantive matters, may be applied to litigation existing at the time of passage as well as litigation commenced after its passage." **Commonwealth v. Estman**, 868 A.2d 1210,

---

article detailing the investigation of an officer for corruption and falsification of evidence in another case. However, in **Castro**, there were, at that point, "no charges filed." **Id**., at 827.

1212 (Pa. Super. 2005). "As a general rule, substantive law is that part of the law which creates, defines and regulates rights, while procedural laws are those that address methods by which rights are enforced." **Id**. (citation omitted). This Court has previously held that a court may retroactively apply a procedural statute prior to its effective date. **See George v. Ellis**, 911 A.2d 121, 126 (Pa. Super. 2006).

Here, the section 9545(b)(2) amendment provides for an expansion of time, from sixty days to one year, of the date the claim could have been presented. Neither of the parties has specifically briefed the issue of retroactive application of amendment to section 9545(b)(2). Given that we ultimately find Poindexter to be due no relief, we assume without actually deciding that the amendment is procedural in nature and therefore applicable retroactively.

Taking everything into consideration, we find that Poindexter has demonstrated that: 1) until reading the newspaper article, it was unknown to Poindexter that criminal charges would be filed against Sherwood; and 2) no amount of due diligence would have unearthed information associated with the grand jury investigation and the criminal charges filed against Sherwood until January 29, 2018 at the earliest. Therefore, Poindexter's petition, filed just over two months later on April 9, 2018, established the applicability of the newly discovered fact exception. We proceed to discuss the merits of whether Sherwood's indictment constitutes after-discovered evidence.

To establish a right to relief on a theory of after-discovered evidence, Poindexter would have to demonstrate that the evidence:

(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008) (citation omitted). The after-discovered evidence test is conjunctive, meaning that a failure to establish one prong is a failure of the entire test. **See id**. Moreover, after-discovered evidence requires the petitioner to prove all four prongs by a preponderance of the evidence. **See Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa. Super. 2012).

Given our prior discussion, we assume that Poindexter has met prongs one and two, concluding that he could not have obtained information about the Sherwood criminal complaint prior to the acceptance of his plea agreement and that the evidence of the Sherwood complaint is not merely corroborative or cumulative. As to the third prong, Poindexter avers that the evidence is not being used solely to impeach the credibility of Sherwood as "the evidence may be used to attack the veracity of … Sherwood's warrant(s), and by direct extension, much of the evidence surrounding … Poindexter's arrest." Appellant's Brief, at 10. Poindexter continues by stating that he would use "this evidence to determine if … Sherwood may also have made false claims or performed other corrupt acts in procuring the identification of …

Poindexter," *id*., at 11, and he could further "use the evidence to file a motion to suppress the evidence recovered from the poisoned fruits of the … identification of … Poindexter," *id*.

In support of establishing the fourth prong, Poindexter proclaims that a different verdict would have likely resulted if a new trial were granted because Sherwood "engaged in a pattern of fabricating statements …, [which] would profoundly influence the judgment of the [t]rial [c]ourt on crucial rulings of law" and the perceptions of the fact finders. *Id*.

We are cognizant that because Poindexter entered into a plea agreement, the analysis is of a somewhat different nature than if there had been a trial. However, in reaching its decision, the PCRA court found that the information contained within Sherwood's criminal complaint would be: 1) exclusively used to impeach her, as the allegations of her misconduct could not be used for anything else under the circumstances; 2) there is no indication that Sherwood would have testified in this matter, rendering her actions essentially irrelevant to the Commonwealth's case; and 3) a positive identification of Poindexter came from sources other than Sherwood, establishing no likelihood of a different verdict had this case gone to trial. *See* Trial Court Opinion, 6/25/18, at 9.

We perceive no abuse of discretion or error of law contained within the PCRA court's determinations on the merits of Poindexter's after-discovered evidence claim. *See Commonwealth v. Reese*, 663 A.2d 206, 209 (Pa.

- 11 -

Super. 1995). First, it is unclear how the criminal complaint or anything derived from its filing could be used for anything other than impeachment purposes. As Poindexter concedes, he intends to use this evidence to determine if Sherwood made false claims to compel Poindexter's identification. **See** Appellant's Brief, at 11.

While Poindexter does suggest, in one citation-less sentence, that the Sherwood complaint could somehow be used to suppress evidence recovered in his case, it is unclear how he could accomplish this. The allegations contained within criminal charges against Sherwood have at most a tangential connection to Poindexter's case, especially given the fact that he pled guilty. We find Poindexter's suppression suggestion too attenuated to justify any form of relief.

Second, and more importantly, it is not reasonable to believe that the outcome of the "trial" would have ended differently had any of these allegations about Sherwood been known prior to Poindexter's plea agreement. At the plea agreement hearing, the Commonwealth stated that it would have presented a number of testifying witnesses. **See** N.T., Plea Agreement Hearing, 4/26/16, at 9. One of the shooting victims positively identified Poindexter from a photo array. **See id**., at 14. Further, a detective that was not Sherwood "immediately recognized" Poindexter based on a prior arrest. **Id**. Additionally, the Commonwealth asserted that the surveillance video showed the shooter wearing the exact same clothing as Poindexter. **See id**.,

at 11. None of the facts identified by the Commonwealth in its summary at the plea agreement hearing mention Sherwood's name or even implicitly rely upon her. Accordingly, there is simply no basis to conclude that unrelated criminal charges, absent anything more, could form the basis to make it reasonably likely that the verdict, or Poindexter's decision to plead guilty, would have been different had Poindexter known of them.

While Poindexter's brief also suggests that, outside of the specific context of the Sherwood criminal complaint, his plea was involuntarily entered and additionally that trial counsel was somehow ineffective, **see** Appellant's Brief, at 10, 12, he has failed to either develop these arguments or provide any authority to support his contentions. Accordingly, these issues are waived. **See Commonwealth v. B.D.G.**, 959 A.2d 362, 371-72 (Pa. Super. 2008) (identifying that failure to cite any authority leads to waiver of a claim). "In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. . . . When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived." **Id**. (citations omitted

As we have found no merit to Poindexter's sole issue raised on appeal, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020